UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

_____

In re:

VADIM ORLOV,
          Debtor

Chapter 13
Case No. 15-41873

_____

## MOTION TO CONVERT TO CHAPTER 11
_____

NOW COMES Vadim Orlov, the Debtor in the above referenced matter, by and through his counsel, and hereby respectfully requests this Court to issue an order converting this Chapter 13 case to one under Chapter 11 of the United States Bankruptcy Code, pursuant to 11 U.S.C. §1307(d) and states as follows:

### STATEMENT OF MATERIAL FACTS

1.      The Debtor in this pending Chapter 13 case, Mr. Orlov, is an individual who resides at 34 Goodnow Lane, Framingham, Massachusetts.

2.      On or about September 30, 2015 (hereinafter the "Petition Date"), the Debtor commenced this case by filing a voluntary petition under Chapter 13 of the United States Bankruptcy Code (the "Code").

3.      Prior to the Petition Date, in 2000, Mr. Orlov and his non-filing spouse, Natalia Iablonovski, purchased joint interest as tenants by the entirety in the Real Estate located at 34 Goodnow Lane, Framingham, Massachusetts (hereinafter the "Property") by a quitclaim deed running from James DiGiandomenico, Jr. to the Debtor and Ms. Iablonovski recorded in the Middlesex South Registry of Deeds, Book 31780, Page 485, on September 1, 2000 (hereinafter the "Deed").

4.      At the time of the purchase, the Property was a parcel of land under development as a single family house, which was converted during construction process from a single family into a two family property, consisting of a manor house and an "in-law apartment". The Debtor rents the in-law apartment for the past 10 years.  In view of this, the property is not "the Debtor's principal residence" as defined by

11 U.S.C. §101(13A), thus making it free from the anti-modification restriction applicable to primary residences.

3.      On or about April 5, 2004, the Debtor obtained a loan from Mortgage Electronic Registration Systems Inc. and Americas Wholesale Lender in the sum of $559,000.00 (hereinafter the "Loan").

4.      The Loan was secured by a mortgage attached to the Property and recorded in the Middlesex South Registry of Deeds, Book 42407, Page 582.

5.      On information and belief, the Mortgage was assigned to Countrywide Home Loans Inc. The assignment was recorded on May 14, 2008, Book 51170, Page 216.

6.      On or about July 22, 2010, Mr. Orlov obtained the Loan Modification Agreement with BAC Home Loan Servicing LP (hereinafter the "Modification").

7.      The Modification was recorded in the Middlesex South Registry of Deeds, Book 55025, Page 139.

8.      On information and belief, the Mortgage was assigned to ING Bank. The assignment was recorded on June 14, 2011, Book 56981, Page 349.

9.      On information and belief, the Mortgage was assigned to Capital One, N. A. (hereinafter the "Mortgagee"). The assignment was recorded on June 19, 2015, Book 65570, Page 517.

PROCEDURAL HISTORY

10.      Upon the filing of this Chapter 13 Case, the Debtor proposed a Chapter 13 cure and maintain plan. The Plan has not been confirmed, pending an objection by the Mortgagee.  Pursuant to the terms of unconfirmed Chapter 13 Plan, the Debtor was required to pay the sum of $2,500.00 to Chapter 13 Trustee as cure payments.  To date, the Debtor has paid the Chapter 13 Trustee the sum of $41,725.00, on account of the unconfirmed Chapter 13 Plan.  The Debtor, however, has defaulted on his post-petition contractual monthly payments to the mortgagee, which at the time of the filing of the case was $2,610.93, consisting of the interest, principal and escrow.

11.      On or about June 27, 2017, the Mortgagee, Capital One, N. A., filed a Notice of Mortgage Payment change, which indicated to the effect that the Debtor's contractual rate changed from interest only to fully

amortized monthly payment of $5,417.10.  This brought the Debtor's total monthly payment on account of

the Mortgage to the total of $7,917.01, making it the Plan unfeasible.

12.      The Debtor seeks to convert his case from one under Chapter 13 to one under the Chapter 11.  This

Court has authority to convert the case to one under Chapter 11 of the Code pursuant to Section 1307(d)

which provides that "[e]xcept as provided in subsection (f) of this section, at any time before the

confirmation of a plan under section 1325 of this title, on request of a party in interest or the United States

trustee and after notice and a hearing, the court may convert a case under this chapter to a case under

chapter 11 or 12 of this title."  The right to convert the case from a Chapter 13 to a Chapter 11 is not

absolute and is subject to the showing that the conversion is sought in good faith and is not an exercise in

futility. See In re Acevedo, 12-12393-JNF(Bankr. Mass 2014)

13.      Unlike Acevedo matter, above, where Judge Feeney held that the Debtor was not allowed to

convert to Chapter 11 where the Debtor has no ability to propose a feasible plan and where the successful

reorganization was contingent of years of litigation, the instant matter has substantial likelihood of success.

The Debtor and his counsel express confidence in a successful Chapter 11 reorganization because the

Debtor will be allowed to propose a repayment plan to the Mortgagee, Capital One, N. A., for the terms that

would extend beyond the 60 months limitation imposed by Chapter 13, this will allow the Debtor to

recapitalize all the arrears and amortize the debt over 30 years with a monthly payment of approximately

$3,961.74. It is likely that such plan can obtain enough votes, including votes from the IRS and the DOR

which are holding tax claims against all the Debtor's assets, including the equity in the Property. In

addition, the Debtor, by virtue of payments to the Chapter 13 Trustee, has shown ability and willingness to

make regular monthly payments. The Debtor intends to offer the sum of $2,500.00 which is currently being

paid to Chapter 13 Trustee, to be paid, post conversion, to the Mortgagee, Capital One, N. A., as adequate

protection payments.  Furthermore, the Debtor, who is a bookkeeper and tax preparer, will be able to

comply with all Chapter 11 reporting requirements at low cost.

14.      In view of the foregoing, the Debtor is cautiously optimistic that a conversion to Chapter 11 would

allow the Debtor to confirm a Chapter 11 Plan and save his long term residence and place of business.

15.     Debtor's counsel has discussed the relief sought by virtue of this motion with the counsel for the

Mortgagee, Attorney Michel Swain, as was advised that it is likely that the Mortgagee will consent to the

conversion.

WHEREFORE, the Debtor respectfully requests this Court to issue an order converting this Chapter

13 case to one under Chapter 11 of the United States Bankruptcy Code, pursuant to 11 U.S.C. §1307(d)  and

to grant such other relief as is just and proper.

VADIM ORLOV,
By his counsel:

/s/ Vladimir von Timroth

_____
Vladimir von Timroth, Esq., BBO #643553
LAW OFFICE OF VLADIMIR VON TIMROTH
405 Grove Street, Suite 204
Worcester, MA 01605
Tel. 508-753-2006
Fax 774-221-9146
vontimroth@gmail.com

DATED: July 11, 2017